# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERIHU HADERA FKADU, Booking #1551332,<br><br>        Plaintiff,<br><br>vs.<br><br>SAN DIEGO CITY POLICE DEP'T; WILLIAM LANSDOWNE, San Diego City Police Chief; CITY OF SAN DIEGO; JERRY SANDERS, San Diego City Mayor,<br><br>        Defendants. | Civil No.   07-2075 L (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)**<br><br>**[Doc. No. 3]** |

  Plaintiff, currently committed at Patton State Hospital ("PSH") in Patton, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Although difficult to decipher, Plaintiff's Complaint alleges that various San Diego Police Department and City Officials filed false and exaggerated reports in 1994 resulting in his wrongful criminal conviction and sentence. (Compl. at 2-4.) Plaintiff seeks several million dollars in damages. (*Id.* at 7.)

  On November 1, 2007, the Court dismissed the case without prejudice based on Plaintiff's failure to either prepay the $350 civil filing fee mandated by 28 U.S.C. § 1914(a) or file a

Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc No. 2]. In response, Plaintiff has now filed a Motion to Proceed IFP [Doc. No. 3].

## I.

### MOTION TO PROCEED IFP

"In general, filing an action IFP is a privilege, not a right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). This privilege is codified in section 1915 of Title 28 of the United States Code, which allows certain impoverished litigants to pursue civil litigation without the full prepayment of fees or costs. *Id.* at 1177; 28 U.S.C. § 1915(a)(2).

However, regardless of indigence, subsection (g) bars a prisoner from proceeding IFP:

> ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The objective of § 1915(g), which has become known as the "three strikes" provision, *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1. "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim.'" *Id.* Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other civil action or IFP appeal in a federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[1]

///

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez,* 169 F.3d at 1179-82; *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g)).

1       While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his
2 request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket
3 records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under
4 § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g),
5 however, the court must "conduct a careful evaluation of the order dismissing an action, and
6 other relevant information," before determining that the action "was dismissed because it was
7 frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a
8 strike under § 1915(g)." *Id.* at 1121.

9       The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
10 granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
11 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews*
12 further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or
13 importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also*
14 *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual
15 allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an
16 arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,
17 embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A
18 case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d
19 at 1121 (quotation and citation omitted).

## II.

### APPLICATION OF 28 U.S.C. § 1915(g)

22       The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is
23 in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d
24 at 1178; *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (§ 1915(g)'s imminent
25 danger "exception applies [only] if the complaint makes a plausible allegation that the prisoner
26 faced 'imminent danger of serious physical injury' at the time of filing."); *see also Ashley v.*
27 *Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced
28 imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious

physical injury exception). Thus, regardless of Plaintiff's financial status, he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169 F.3d at 1178.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, __ F.3d __, 2007 WL 4198211 *10 (9th Cir. Nov. 29, 2007) (No. 05-16752), slip op. at 15354 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)).

Here, the Court takes judicial notice that Plaintiff has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Dekadu v. State of California,* S.D. Cal. Civil Case No. 04-2065 WQH (POR) (Jan. 4, 2005 Order Denying IFP and Dismissing Complaint sua sponte as frivolous per 28 U.S.C. § 1915A(b)(1) [Doc. No. 3]) (strike one); *Fekadu v. Cal. Dept. of Corrections*, S.D. Cal. Civil Case No. 04-2173 JM (NLS) (Jan. 3, 2005 Order Denying IFP and Dismissing Complaint sua sponte as frivolous per 28 U.S.C. § 1915A(b)(1) [Doc. No. 6]) (strike two); and *Fkadu v. Cal. Dept. of Corrections*, C.D. Cal. Civil Case No. 05-06734-UA-SH (Sept. 28, 2005 Order Denying IFP and Dismissing Complaint [per 28 U.S.C. § 1915A(b)] based on 11th Amendment immunity) [Doc. No. 2]) (strike three); and *Fkadu v. Luna*, C.D. Cal. Civil Case No. 06-0323-UA-SH (Feb. 13, 2006 Order Denying IFP and Dismissing Complaint as "legally and/or patently frivolous." [Doc No. 2]) (strike four).[2]

---

[2] In fact, Plaintiff was first notified of his inability to proceed IFP pursuant to 28 U.S.C. § 1915(g) in another civil action filed in the Southern District of California. *See Fkadu v. Luna, et al.,* S.D. Cal. Civil Case No. 06-0058 JAH (NLS) (Feb. 2, 2006 Order Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) [Doc. No. 3]. On December 18, 2006, Judge Moskowitz dismissed another case, *Fkadu v. Mornho, et al.,* S.D. Cal. Civil Case No. 06-02391 BTM (NLS) [Doc. No. 2], and noted Plaintiff's 3-strikes status. (Dec. 18, 2006 Order at 2 n.1.) Undeterred, Plaintiff filed yet another Motion to Proceed IFP in *Fkadu v. San Diego County, et al.*, S.D. Cal. Civil Case No. 07-0282 BTM (POR), which Judge Moskowitz also denied. (*See* March 7, 2007 Order denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Case for failure to pay Civil Filing Fees Mandated by 28 U.S.C. § 1914(a) [Doc. No. 4]).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under imminent danger of serious physical injury, the Court DENIES his Motion to Proceed IFP [Doc. No. 3]. *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

### III.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 3] and **DISMISSES** the case without prejudice for failure to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a).

The Clerk shall close the file.

DATED: December 4, 2007

_____
M. James Lorenz
United States District Court Judge

**IT IS SO ORDERED.**